The Honorable Clyde Graeber State Representative, Forty-First District State Capitol, Room 115-S Topeka, Kansas 66612-1591
Dear Representative Graeber:
As representative for the forty-first district, you request our opinion regarding whether amendments to the school district finance and quality performance act set forth in 1993 Senate Bill No. 102 may be applied retroactively without impairing constitutional rights. The amendments would have the effect of removing the authority for bringing to an election through the petition procedure a question regarding authorization of the local option budget. The amendments would also have the effect of overriding the results of any elections regarding the local option budget.
The constitution of the state of Kansas limits rather than confers legislative power, and where a statute is attacked as unconstitutional the question to be determined is not whether its provisions are authorized by the constitution, but whether they are prohibited by it.Leek v. Theis, 217 Kan. 784, 795 (1975). All governmental sovereign power is vested in the legislature, except such as is granted to the other branches of government or expressly withheld from the legislature by constitutional restrictions. Samsel v. Wheeler Transport Services, Inc.,246 Kan. 336, 348 (1990). Absent constitutional infringements, the court does not examine the wisdom, justice, or expediency of legislative actions. Leek, 217 Kan. at 815.
The United States constitution and many state constitutions contain no express prohibition of laws which are retrospective in operation. 16A AmJur2d Constitutional Law sec. 662 (1979). In the absence of such an express constitutional inhibition, retrospective laws are not prohibited as such. Id; 73 AmJur2d Statutes sec. 347 (1974). Such a law cannot be held invalid unless it violates some other constitutional provision, such as the provisions relating to due process, equal protection of the laws, impairment of contractual obligations, or ex post facto laws. 16A AmJur2d Constitutional Law sec. 662 (1979). Retrospective legislation which attempts to impair vested rights or deprive a private litigant of a right he had at the time the later statute was enacted cannot be enforced. State, ex rel., v. Public Service Comm., 135 Kan. 491, 503
(1932).
In International Mortgage Trust Co. v. Henry, 139 Kan. 154 (1934), the Kansas Supreme Court attempted to define retroactive law. Citing 25 R.C.L. 785 et seq, the court stated:
 "A retrospective law, in the legal sense, is one which takes away or impairs vested rights, acquired under existing laws, or creates a new obligation and imposes a new duty, or attaches a new disability in respect of transactions or considerations already past. It may also be defined as one which changes or injuriously affects a present right by going behind it and giving efficacy to anterior circumstances to defeat it, which they had not when the right accrued, or which relates back to and gives to a previous transaction some different legal effect from that which it had under the law when it occurred. A retrospective law may be further defined as one intended to affect transactions which occurred, or rights which accrued, before it became operative, and which ascribes to them effects not inherent in their nature, in view of the law in force at the time of their occurrence. A statute does not operate retroactively from the mere fact that it relates to antecedent events. . . ." Id at 163-64.
In order to determine whether retroactive application of the amendments set forth in 1993 Senate Bill No. 102 is unconstitutional, it is necessary to determine whether a vested right will be impaired by such application.
 "The term `vested right' is not easily defined and has been used by the court to express various shades of meaning. For present purposes it is sought to define the term in its constitutional sense generally, and not to attempt to give its applications as they exist in various fields of the law. The term appears first to have been used in reference to real estate. It is defined as `an immediate fixed right of present or future enjoyment' and `an immediate right of present enjoyment, or a present fixed right of future enjoyment.' Vested rights include not only legal or equitable title to enforcement of a demand, but also an exemption from new obligations created after the right has vested. Rights are said to be vested in contradiction to being contingent or expectant. A right is `vested' when there is an ascertained person with a present right to present or future enjoyment; it is `expectant' when it depends on the continuation of existing circumstances, such as the right of an heir to inherit, provided he survives his ancestor and the ancestor dies seised and intestate; and finally, is `contingent' when it depends on the performance of some condition or the happening of some event before some other event or condition happens or is performed. As applied to the vested rights which are secured by constitutional guarenties from infringement or impairment except under special circumstances, the term is not to be restricted to any narrow or technical meaning applicable to these words in the law of real property. The words are used as implying interests which it is proper for the state to recognize and protect and of which the individual could not be deprived arbitrarily without injustice. Thus, an inconsequential use of property, such as for recreational or amusement purposes only, does not amount to a `vested right.' A vested right may also be defined as the power to perform certain actions or possess certain things lawfully and is substantially a property right. When a right has arisen upon a contract or transaction in the nature of a contract, authorized by statute, and has been so far protected that nothing remains to be done by the party asserting it, it has become vested and the repeal of the statute does not affect it or an action for its enforcement. A right cannot be regarded as vested, in the constitutional sense, unless it amounts to something more than a mere expectation of future benefit or interest founded upon an anticipated continuance of the existing general law. Only private, and not public, rights may become vested in a constitutional sense. . . .
"The distinction between statutory privileges and vested rights must be borne in mind, for the citizen has no vested rights in statutory privileges and exemptions; the state may change or take away rights whichwere created by the law of the state, although it may not take awayproperty which has vested by virtue of such rights. The right of exemption from public duties, such as military or jury service, is not a vested right, but rather is a mere gratuity which may be withdrawn at the pleasure of the legislature. A license does not confer a vested or absolute right, but only a personal privilege." 16 AmJur2dConstitutional Law sec. 669 (1979) (emphasis added).
At 16 AmJur2d Constitutional Law sec. 691 (1979), it is provided:
 "Although it may be taken as a general rule that rights conferred by statute are not contractual in their nature so as to prevent their alteration or abrogation . . ., it is a matter of established law that a legislative enactment in the ordinary form of a statute may contain provisions which, when accepted as the basis of action by individuals or corporations, become contracts between them and the state within the protection of the clause of the Federal Constitution forbidding impairment of contract obligations; rights may accrue under a statute, or even be conferred by it, of such character as to be regarded as contractual, and such rights cannot be defeated by subsequent legislation. When such a right has arisen, the repeal of the statute does not affect the right or an action for its enforcement. In general, a statute is treated as a contract when the language and circumstances evince a legislative intent to create private rights of a contractual nature enforceable against the state; in addition, statutes governing the interpretation and enforcement of contracts may be regarded as forming part of the obligation of contracts made under their aegis. . . . The presumption is that a state law is not intended to create private contractual rights but merely declares a policy to be pursued until the legislature shall ordain otherwise, and he who asserts the creation of a contract with the state has the burden of overcoming the presumption." (Emphasis added.)
Upon review of the provisions of K.S.A. 72-6433, we determine that the language of the statute and circumstances under which it was enacted do not evince a legislative intent to create private rights of a contractual nature enforceable against the state. The electors of a school district have not achieved a vested interest which may not be modified by the legislature. Therefore, retroactive application of the amendments set forth in 1993 Senate Bill No. 102 does not result in a violation of constitutional rights.
Very truly yours,
 ROBERT T. STEPHAN Kansas Attorney General
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS: